United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Fabiola Munoz, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-20448-Civ-Scola |
| | ) | |
| Felix R. Calle, Defendant. | ) | |

## **Final Default Judgment**

     This matter is before the Court on the Plaintiff's Motion for Entry of Default Final Judgment filed on March 24, 2021 (ECF No. 14). The Clerk entered Default on March 10, 2021 (ECF No. 11). Thus, the Defendant, Felix R. Calle, is in default.

     The Plaintiff initiated this action for violations of 42 U.S.C. § 12181 *et. seq.* on the basis that the Defendant "owns and operates a place of public accommodation as defined by the ADA" located at 12100 SW 177 Avenue, Miami, Florida. (ECF No. 14, at 3-4.) Through this action, the Plaintiff sought injunctive relief, a declaration of rights, attorney's fees, litigation expenses, and costs pursuant to the ADA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202.

     Based upon the allegations in Plaintiff's complaint, (ECF No. 1), as more particularly set forth in the motion for final default judgment (ECF No. 14), the Plaintiff encountered the following barriers at the Defendant's business:

     a. The Plaintiff had difficulty exiting her vehicle as there are not designated accessible parking spaces in violation of Section 4.1.2 of the ADAAG and Section 208.2 of the 2010 ADA Standards;

     b. The parking facility does not have the minimum number of compliant accessible parking spaces required by Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards;

     c. The Plaintiff had difficulty traveling to the building from the parking lot as there is currently no existing accessible route to help persons with disabilities safely maneuver through the parking facility in in violation of Sections 4.3.7 and 4.7.2 of the ADAAG and Sections 206.2, 403.3, and 406 of the 2010 ADA Standards;

     d. The parking facility does not provide compliant directional and informational signage to a compliant accessible parking space in violation of Section 4.6.4 of the ADAAG and Section 216.5 of the 2010 ADA Standards;

  e. The Plaintiff had difficulty traveling to the building from the parking lots as the surface of the accessible route is not slip resistant and is broken, has loose material and is unstable in violation of Sections 4.3.6 and 4.5.1 of the ADAAG and Sections 206.2, 403.2, 302.1, and 303.1 of the 2010 ADA Standards;
  f. The Plaintiff had difficulty using the sales counter as the counter is mounted over the required height creating barriers for individuals with disabilities in violation of Section 7.2 of the ADAAG and Section 904.4.1 of the 2010 ADA Standards;
  g. The Plaintiff had difficulty traveling to the public restrooms from the building area as the surface of the accessible route is not slip resistant and is broken, has loose material, and is unstable in violation of Sections 4.3.6, and 4.5.1 of the ADAAG and Section 206.2, 403.2, 302.1, and 303.1 of the 2010 ADA Standards; and
  h. The Plaintiff could not use the public restrooms as there are four portable restrooms but there is not an accessible restroom in violation of Sections 4.1.3.11, 4.22, and 4.23 of the ADAAG and Sections 213, 603, 604 of the 2010 ADA Standards.

  As a result of these barriers, the Plaintiff has been discriminated against because she was denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations provided by the Defendant, as prohibited by the ADA. From a review of the Plaintiff's complaint, the Court finds the Plaintiff has adequately alleged she has standing to pursue her claim under the ADA and moreover, has sufficiently alleged facts that give rise to an inference that she will suffer future discrimination by the Defendant, and therefore has standing to pursue injunctive relief. *Cohan v. Baby Marathon, LLC*, No. 20-60185-Civ, 2020 WL 6731041, at *2 (S.D. Fla. Oct. 27, 2020) (Valle, Mag. J.), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020) (Williams, J.).

  A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir. 2009). Having considered the Motion for Default Judgment, the record, and the relevant legal authorities, the Court **grants** the Motion (**ECF No. 14**). Default Judgment is **entered** in favor of the Plaintiff and against the Defendant, Felix R. Calle.

  The Court **orders** that the Defendant, Felix R. Calle, must remedy the barriers outlined in this Order and bring them into full compliance with ADA Accessibility Guidelines by **October 28, 2021**. The Court retains jurisdiction to

enforce the terms of the Judgment against the Defendant Felix R. Calle, his successors in interest and assigns.

The Plaintiff also requests attorney's fees and costs in the amount of $9,537.00. This amount includes fees incurred by the Plaintiff's attorney, Anthony J. Perez for 16.6 hours of work at a requested rate of $450 per hour, totaling $7,470.00. The Plaintiff's attorney also seeks to recover for work undertaken by two of his paralegals, Angela Quezada and Claudia Rodriguez. The Plaintiff states his paralegals cumulatively spent 2.5 hours on this matter at a requested rate of $150, totaling $375.00. Finally the Plaintiff seeks to recover fees incurred by his expert in the amount of $1,250.00 and costs in the amount of $442.00.

With respect to the Plaintiff's request for attorney's fees, the Court finds the Defendant's requested rate of $450 to be excessive. *See Baby Marathon, LLC*, 2020 WL 6731041, at *3-4 (awarding practitioner of 20 years $350 in attorney's fees and noting other courts in this District have found the same to be reasonable); *Cohan v. SNJ Petroleum, Inc.*, No. 19-81077-Civ, 2020 WL 1844203, at *3 (S.D. Fla. March 10, 2020) (Matthewman, Mag., J.), *report and recommendation adopted*, 2020 WL 1844160 (S.D. Fla. April 13, 2020) (Dimitrouleas, J.) (awarding fee rate of $350 per hour and noting a range of $300 and $420 is typical in this District for ADA cases). The Court finds that a rate of $350 is reasonable for the work incurred by the Plaintiff's attorney. As other Courts have noted when awarding similar fees, "[t]his was a straightforward ADA action in which [the defendant] failed to respond to the lawsuit and a default judgment was entered" and therefore this matter did not require particular expertise or skill. *SNJ Petroleum*, 2020 WL 1844203, at *3.

The Court has reviewed Mr. Perez's time records, and finds the time expended was mostly reasonable, though finds some of the entries pertaining to reviewing routine Court orders, such as the issuance of the summons by the Clerk, to be unreasonable or unnecessary. *Id.*, at *4. Therefore, the Court finds a 20% of reduction in hours is reasonable. This is in line with other orders of the Court, which have found 9 hours and 12.9 hours of attorney time to be reasonable in a default ADA case. *Baby Marathon*, 2020 WL 6731041, at *4.

The Plaintiff also requests fees for work incurred by paralegals who worked on this matter. However, work that is clerical or secretarial in nature such as scheduling or filing is not recoverable. *Id.* at *5. The Court finds that the work completed by the paralegals in this matter was secretarial in nature and therefore is not recoverable. Consistent with the Court's findings, the Plaintiff is entitled to recover for 13.28 hours of work at $350 per hour, for a total of $4,648.00 in attorney's fees.

The Plaintiff also seeks to recover for costs, including expert fees. While the Plaintiff did not submit time sheets or other support for her expert witness, the Court finds that the report prepared by the Plaintiff's expert, which was included as an attachment to the Plaintiff's motion, appeared to be necessary and related to the litigation and therefore the Plaintiff may recover for her expert's work. *See Fuller v. Things Remembered, Inc.*, No. 19-62034-Civ, 2020 WL 1316509 (S.D. Fla. Feb. 11, 2020) (Strauss, Mag. J.) ("A prevailing ADA plaintiff may recover expert fees as a litigation expense"), *report and recommendations adopted*, 2020 WL 1316508 (S.D. Fla. March 19, 2020) (Gayles, J.) The Plaintiff may therefore recover $1,250.00 in expert fees.

Finally, the Plaintiff may also recover her service of process fee in the amount of $40.00 and filing fee in the amount of $402.00. *Baby Marathon, LLC*, 2020 WL 6731041, at *5.

Consistent with 42 U.S.C. § 12205, the Defendant, Felix R. Calle, is liable to Plaintiff in the amount of **$6,340.00** for attorney's fees and costs for which let execution issue.

The Court directs the Clerk to **close** the case. All pending motions, if any, are **denied as moot**.

**Done and ordered**, at Miami, Florida, on April 28, 2021.

_____
Robert N. Scola, Jr.
United States District Judge